# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                            )
**ROBERT S. EDWARDS,**                      )
                                            )
    **Plaintiff,**                     )
                                            )    **Civil Action No.**
        **v.**                       )    **13-10604-FDS**
                                            )
**BERTUCCI'S ITALIAN RESTAURANT,**          )
                                            )
    **Defendant.**                     )
_____)

## MEMORANDUM AND ORDER

**SAYLOR, J.**

## I.    Introduction

On March 12, 2013, plaintiff filed an civil rights case asserting, among other things, age and disability discrimination in connection with his application for employment. With the complaint, he sought summary judgment and requested this Court create new tax law to increase tax credit for businesses in order to help the disabled obtain employment.

On April 2, 2013, this Court issued a memorandum and order denying plaintiff's motion for summary judgment as well as his request for a change in tax law. Further, this Court addressed the legal impediments to plaintiff's claims and directed him to file an amended complaint by May 7, 2013, that comported with Rule 8 of the Federal Rules of Civil Procedure.

Thereafter, plaintiff filed a number of motions and letters seeking various types of relief.

II.     **Discussion**

A.      **The Letter/Request (Docket No. 8)**

In his letter/request, plaintiff seeks the appointment of counsel as well as an order permitting him to access all of his money deposited in the Milford Federal Savings Bank. He contends that the bank has no right to hold his money because he has a new bank (the Needham Bank).

First, with respect to the request for appointment of counsel, under 28 U.S.C. § 1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent litigant under § 1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*); *see Bemis v. Kelley*, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, to be eligible for this assistance under 28 U.S.C. § 1915, plaintiff "must demonstrate that he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). This Court considers the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *Id.*[1]

---

[1] The standard is less stringent in employment discrimination cases. *See, e.g., Gadson v. Concord Hosp.*, 966 F.2d 32, 35 (1st Cir. 1992) (stating: "[a] district court considers three factors in determining whether to appoint counsel to a *pro se* plaintiff under Title VII: (1) the merits of plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability."). "Any one of the three factors may be determinative." *Id.* at

Although plaintiff suffers from a brain injury, is unskilled in the law, and may have a difficult time prosecuting this case as a *pro se,* for the reasons set forth in the memorandum and order, this Court cannot find that exceptional circumstances exist that warrant the expenditure of scarce *pro bono* resources.  Even under a liberal reading of the pleadings, the merits of plaintiff's claims are dubious, and thus, appointment of counsel is not justified.

Next, with respect to his request for an order permitting him to access money from the Milford Federal Savings Bank, this requested relief is not related to the employment discrimination and defamation claims presented in this case; rather, his request seeks relief from a non-party to this action, and provides no coherent factual or legal basis for such relief.  More importantly, however, plaintiff's request for an order appears to involve extraneous probate and trust fund matters that are beyond the jurisdiction of this Court.[2]  In short, there is no basis to grant the relief sought in this action with respect to any trust fund disputes.[3]  Accordingly, any requests for relief contained in plaintiff's letter (Docket No. 8) will be denied.

### B.        The Motion for Summary Judgment  (Docket No. 9)

In his motion for summary judgment, plaintiff again requests an award of money damages against the Defendant for alleged discrimination and defamation, based on the

---

36 (citing *Darden v. Illinois Bell Telephone Co.*, 797 F.2d 497, 501 (7th Cir. 1986)).  Even under a less stringent standard, this Court does not consider appointment of *pro bono* counsel at this time to be prudent.

[2] Apparently, his probate lawyer was appointed to oversee the trust fund and given power of attorney.  Plaintiff contests the authority of the power of attorney, and seeks an audit of his trust fund money, and the release of all the money so that he can give the money to his great nieces and great nephews as a gift.

[3] To the extent that plaintiff has an ongoing probate court matter, this Court may not interfere with that proceeding by rendering judgments negating rulings in the probate court.  Thus, this Court would  abstain from jurisdiction over plaintiff's dispute concerning monies held in trust for him.

allegations contained in his complaint.

For the reasons set forth in the memorandum and order, the motion is premature and unfounded.  At this juncture, the complaint clearly raises questions of fact and law and thus plaintiff has not shown that he is entitled to summary judgment on an *ex parte* basis. Accordingly, the motion for summary judgment will be denied.

**C.**     **The Motion for Recusal (Docket No. 10)**

Plaintiff's motion for recusal is not coherent or organized and contains requests for various types of relief.  From what can be gleaned, he seeks the recusal of this Court because he is not satisfied with how his case is proceeding (presumably, he takes issue with the memorandum and order denying his requests for relief an directing plaintiff to file an amended complaint).  He again requests appointment of counsel because he is a person with a disability. He claims he can pay for a $150 filing fee and he seeks direction from the Court as to how to pay this fee.

Next, plaintiff again seeks a Court order directing the Milford Federal Savings Bank to release funds held in trust for him.  He asks for an order to the United States Marshal Service to serve the order on the Milford Federal Savings Bank.

Finally, plaintiff seeks a Court-ordered settlement against the Defendant for $300,000 in compensatory damages and $30,000,000 in punitive damages, although he indicates he will agree to damages not less than $25,000,000.

**1.**     **The Request for Recusal**

This Court finds no basis for recusal simply because the plaintiff is dissatisfied with the

way his case is proceeding, and his attempt to judge-shop in this manner is not permitted.

### 2.   The Request for Appointment of Counsel

For the reasons set forth above, appointment of *pro bono* counsel is not appropriate.

### 3.   The Request to Pay $150 Filing Fee

Plaintiff previously has been permitted to proceed *in forma pauperis*, and thus his offer to pay $150 toward the $350 filing fee is moot.

### 4.   The Request for a Court Order to the Milford Federal Savings Bank

Again, for the reasons set forth above, plaintiff's requested relief is not related to the employment discrimination and defamation claims presented in this case, and there is no basis to grant the relief sought in this action with respect to any trust fund disputes.

### 5.   The Request for Court-Ordered Settlement

This Court may not grant the relief requested by the plaintiff, particularly where this case has not been permitted to proceed further pending the filing of an amended complaint in accordance with Rule 8.  This Court also lacks authority to force a party into settlement. Nevertheless, if this action is permitted to proceed, the Court would consider whether a referral to the Court's Alternative Dispute Resolution Program would be beneficial to the parties. Without a response from the defendant, however, the consideration of referral for settlement of this action is premature.

### 6.   The Request for Monetary Damages Against Defendant

Plaintiff provides no basis for the *ex parte* award of damages against an unserved defendant who has not been afforded the opportunity to respond to the allegations asserted

against it.  Accordingly, plaintiff's request is premature and unfounded.

Accordingly, for the reasons set forth above, the motion for recusal will be denied in its entirety.

### D.    The Letter/Request (Docket No.11)

In his letter/request, plaintiff seeks a Court order for the Milford Federal Savings Bank to transfer his money to a money market fund in the Needham Bank.  He requests that the United States Marshal be directed to serve the order.  He also states that he seeks to retain his attorney of choice, although this statement is inconsistent with his request for appointment of counsel. Finally, he seeks additional time beyond the 35-day deadline for complying with the Court's directives to file an amended complaint.

Again, for the reasons set forth above, plaintiff's request for an order directing the transfer of funds from one bank to another is beyond the scope of this employment discrimination case, and there is no basis to grant the requested relief.  Nevertheless, to the extent that plaintiff seeks additional time to comply with the Court's directives to file an amended complaint, this Court will allow the request and will afford plaintiff an additional 30 days to file an amended complaint in compliance with the prior memorandum and order, and to locate counsel should plaintiff seek to retain counsel on his own.

Accordingly, plaintiff will be directed to file an amended complaint comporting with Rule 8 by June 7, 2013.  Failure to comply with this directive will result in a dismissal of this action.  Plaintiff is advised that this Court will grant him one further opportunity to file an amended complaint in accordance with Rule 8, and if he fails to do so, this action will be

dismissed.  He will not be given further opportunities to set forth his claims.

### E.     Order Prohibiting Further Letters and Motions Seeking Relief

In order to preserve judicial resources, this Court will not entertain any further requests for relief by the plaintiff, and plaintiff will be prohibited from filing any further requests for relief until <u>after</u> he files an amended complaint as directed, and *after* the defendant has filed a responsive pleading if this case is permitted to proceed further.

Moreover, plaintiff may not seek Court action in the form of "letters."  Such filings are difficult to decipher precisely the relief requested.  Documents submitted in the form of "letters" also make it difficult for the efficient docketing and case management by Court staff. Accordingly, should plaintiff seek any relief from this Court, he must file a request for relief in the form of a "motion" stating precisely what relief is sought, and the basis for such relief as it relates to this action.  Any "motion" shall include the case caption and docket number (as noted above), along with a title of the motion indicating what type of relief is sought.

Plaintiff is warned that failure to comply with these directives could result in the imposition of sanctions, including the dismissal of this action.

## III.    Conclusion

For the foregoing reasons, it is hereby ordered that:

1. Plaintiff's letter/request (Docket No. 8) seeking relief in the form of:  (a) a Court order to the Milford Federal Savings Bank; and (b) appointment of pro bono counsel, is DENIED.

2. Plaintiff's motion for summary judgment against the defendant (Docket No. 9) is DENIED.

3.     Plaintiff's motion for recusal (Docket No. 10) seeking relief in the form of: (a) recusal;

(b) appointment of *pro bono* counsel; (c) payment of $150.00 toward the filing fee; (d) an

order to the Milford Federal Savings Bank with respect to trust funds; (e) a court-ordered

settlement; and (f) the award of monetary damages is DENIED in its entirety.

4.     Plaintiff's letter/request (Docket No. 11) seeking an order directing the transfer of funds

from one bank to another is DENIED; however, his request for an extension of time to

comply with the directives contained in the memorandum and order is ALLOWED.

5.     Plaintiff shall file an amended complaint comporting with Rule 8 by June 7, 2013.

6.     Plaintiff is PROHIBITED from filing any further letters or motions until *after*

compliance with the memorandum and order to file an amended complaint comporting

with Rule 8, and *after* the defendant has filed a responsive pleading if this action is

permitted to proceed further.

7.     Plaintiff is PROHIBITED from filing "letters" seeking relief from the Court.  Should he

seek relief, he must file his request in the form of a "motion" stating precisely what relief

is sought and the basis for such relief.

8.     Plaintiff is WARNED that failure to comply with the directives contained herein may

result in the imposition of sanctions, including a dismissal of this action.

**So Ordered.**


                                        /s/ F. Dennis Saylor
                                        F. Dennis Saylor IV
                                        United States District Judge

Dated:  April 8, 2013

8