**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                        )

**ROBERT S. EDWARDS,**           )
                                          )

    **Plaintiff,**                 )

                                          )     **Civil Action No.**

        **v.**                )     **13-10604-FDS**

                                          )

**BERTUCCI'S ITALIAN RESTAURANT,**  )

                                          )

    **Defendant.**            )
_____)

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

## I.    Introduction

    On March 12, 2013, plaintiff filed this civil rights case asserting, among other things, age and disability discrimination in connection with his application for employment as a dishwasher at Bertucci's Italian Restaurant. *See* Title I of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.; Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a). He also asserted a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and a state-law claim of defamation against a Bertucci's manager, Christina McSwain.

    On April 2, 2013, this Court issued a memorandum and order that noted the pleading deficiencies in the complaint and directed plaintiff to file an amended complaint that comported with Rule 8 of the Federal Rules of Civil Procedure.

    Thereafter, plaintiff filed a number of motions and letters seeking various types of relief.

On April 8, 2013, the Court issued a memorandum and order denying plaintiff's requests for relief, including his request for appointment of counsel, his request for an order permitting him access to money that was deposited in the Milford Federal Savings Bank, his request for summary judgment, his request for recusal, his request for court-ordered settlement, and his request for monetary damages.  The Court, however, granted plaintiff's request to extend the time for filing an amended complaint.  In addition to those rulings, the Court advised plaintiff that it would not entertain any further requests for relief, and prohibited him from filing any requests for relief until *after* he filed an amended complaint and *after* defendant(s) had filed a responsive pleading if this case was permitted to proceed further.  *Id.* at 7.

On April 9, 2013, plaintiff filed a letter request again seeking a court order directed to the Milford Federal Savings Bank permitting him access to money held in that bank.

On April 17, 2013, plaintiff filed a motion to appoint counsel and an amended complaint.

On April 24, 2013, plaintiff filed a number of additional motions and requests, all in violation of this Court's directives.  First, he filed a request seeking an order prohibiting his brother, Ralph Edwards, and other relatives from talking about this case during its pendency and afterward, based on alleged interference with his privacy.  He seeks a fine of up to $1,000 and for his request to be forwarded to appointed counsel.

Second, he filed a motion to "throw out" the position statement of Bertucci's Corporation that was given to the EEOC.  *See* Docket No. 23.  Plaintiff seeks exclusion of anything in this case concerning his competency, and an order prohibiting doctors to make a diagnosis of any condition he may have.  He argues that defendant has "come close in violating [his] rights under the Health Care Privacy Law."  *Id.* at 1.  Attached to his motion was a letter dated August 15, 2012, from Dr. Jo-Ann Suna indicating that plaintiff was competent with regard to his daily abilities.  *See* Docket No. 23-1 at 2.  He also attached a letter dated January 23, 2013, from his

psychiatrist, Dr. Stephen Wiener, to the Social Security Administration, indicating that plaintiff understood the nature of his medical conditions and the value of money, and was capable of managing his own funds.  The letter also requested that plaintiff's brother be removed as the representative payee.  *Id.* at 3.

Third, plaintiff filed a motion for recusal.  Although the pleading is not entirely intelligible, it appears he seeks recusal of this Court and reassignment to a new judge because of "dizziness and emotional stress" until he gets his own lawyer.  *See id.* at 1.  He contends this Court created a hardship on him because it denied his request for a court order authorizing his access to a bank account from the Milford Federal Saving Bank.  He asserts that he needs those funds in order to retain a lawyer to represent him in this case.  He also asks for 65 days to retain an attorney.

Fourth, plaintiff filed another motion to appoint counsel.  Specifically, he asks that attorney Mark Floyd Itzkowitz be appointed to represent him.  He states that he needs the money from the Milford Federal Savings Bank in order to pay attorney Itzkowitz.[1]

## II.   Discussion

### A.   The Letter Request for a Court Order

Although plaintiff's letter request seeking access to funds at the Milford Federal Savings Bank was received by this Court on April 9, 2013, the document is dated April 4, 2013.  Thus, the Court presumes plaintiff was unaware of the ruling in the April 8, 2013 memorandum and order  denying this requested relief.  Accordingly, this Court will not consider this filing to be a violation of that memorandum and order.  Nevertheless, for the reasons stated in the

---

[1] At the conclusion of his motion, plaintiff indicates his intention to study at Suffolk Law School in Boston and become a law clerk for a personal-injury lawyer.  He asks this Court to give him a reference to Suffolk Law School and states that he would appreciate it if he could invite this Court to his graduation from law school.  No action will be taken as to those requests.

3

memorandum and order, plaintiff's request for access to bank funds is without foundation.

Accordingly, plaintiff's letter request for a court order will be denied in its entirety.

### B.      The Motion to Appoint Counsel

As noted above, this Court previously denied plaintiff's request for appointment of counsel. *See* memorandum and order (Docket No. 12 at 2-3). In his renewed motion, plaintiff again seeks an attorney on the grounds that he is a person with a disability. In addition to this request, it appears that plaintiff seeks to be awarded the total assets of Bertucci's Italian Restaurant as damages for his discrimination claims. He also wants any attorney appointed by the Court to discuss settlement with defendant.

Plaintiff fails to provide any new facts or circumstances that would warrant a reconsideration of the prior denial of appointment of counsel. This Court has considered his claim that he suffers from a disability; however, for purposes of evaluating the propriety of appointment of counsel, the Court must consider the merits of the claims as a significant factor. At this juncture, this Court deems the merits of plaintiff's claims to be highly doubtful. Therefore, this case does not warrant the expenditure of the scarce resources of this Court.[2]

Accordingly, plaintiff's motion for appointment of counsel will be denied, including his request for appointed counsel to discuss settlement with defendant.

### C.      The Motion for Appointment of Counsel

Plaintiff has filed a third request for appointment of counsel; however, for the same reasons discussed above, appointment of counsel is not warranted. Plaintiff may retain his own counsel if he is able to do so, but this Court will not issue an order authorizing access to funds at the Milford Federal Savings Bank in order for plaintiff to retain counsel. As this Court

---

[2] Plaintiff's request for damages is premature. To the extent his motion for appointment of counsel also seeks monetary damages, the motion will be denied.

previously stated, plaintiff's request for access to the Milford Federal Savings Bank funds is not related to the employment discrimination case and there is no basis to grant the relief sought in this action with respect to any trust fund disputes that may be the subject of probate court or administrative proceedings.

Accordingly, plaintiff's motion for appointment of counsel will be denied in its entirety.

### D.      The Request for an Order Prohibiting Family from Talking about this Case

Plaintiff has provided no factual or legal basis for a court order restraining his relatives from talking about a public lawsuit.  He also has not provided good cause for the imposition of any fines in this regard.

Accordingly, his request for that order will be denied in its entirety.

### E.      The Motion to "Throw Out" the Position Statement of Bertucci's Corp. That Was Given to the EEOC

Plaintiff's *ex parte* motion to exclude from evidence defendant's position statement with the EEOC, and his request to bar evidence concerning his competency, are matters that may be raised during pretrial proceedings after a scheduling conference or after a scheduling order has issued.  As noted above, the Court has prohibited plaintiff from filing any further requests until *after* defendant has filed a responsive pleading to the amended complaint.  Thus, plaintiff's motion violates that order.

In light of this violation, and for the failure to show good cause for this Court to grant the relief requested, plaintiff's motion to "throw out" the position statement of Bertucci's Corp. that was given to the EEOC will be denied in its entirety.

### F.      The Motion for Recusal

This Court previously denied plaintiff's motion for recusal on the grounds that recusal was not warranted simply because he was not satisfied with how this case was proceeding.

5

In his renewed motion for recusal, plaintiff alleges the Court is causing him to experience dizziness and to stress because of the denial of an order authorizing his access to bank funds. Again, plaintiff's disagreement with the Court's rulings on his motions does not present a *bona fide* basis for recusal and reassignment to another judge.

Accordingly, plaintiff's motion for recusal will be denied in its entirety.

### G.     Screening of the Amended Complaint

Upon review of plaintiff's amended complaint, this Court finds that it still fails to set forth his claims in accordance with Rule 8.  Although he uses numbered paragraphs, the body of the amended complaint essentially consists of allegations in narrative, stream-of-consciousness form.  It is replete with run-on sentences that are not entirely intelligible.  As best as can be discerned, plaintiff reiterates the allegations made in the initial complaint, and also asserts a new claim under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), on the grounds that his hourly pay should have been $12.00 per hour.  He contends that it is unfair to all dishwashers with years of experience and training to earn a lesser hourly rate.

In addition to its authority to dismiss a complaint for failure to adhere to Rule 8, pursuant to 28 U.S.C. § 1915(e), this Court may screen a case in order to determine whether it is frivolous or malicious or fails to state a claim upon which relief can be granted.

### 1.     ADA

The amended complaint appears to allege that Bertucci's did not hire him because he was not "competent or qualified" for the job.  It appears that plaintiff has a mental disability. Plaintiff refers to himself as a "traumatic brain injury survivor," and says that his "doctors say" he is mentally "competent," that he is "not mentally retarded," and that his "doctor Stephen Wiener MD said [his] IQ is over 80."  The basis for his claim of disability discrimination is unclear, other than his contention that Bertucci's allegedly found that he was not "competent."

There is certainly a substantial question as to the nature of plaintiff's mental disability, and whether his impairment would prevent him from performing the essential functions of the position.  There is also substantial doubt whether the amended complaint satisfies the requirements of Rule 8.  Nonetheless, the Court concludes that the prudent course is not to dismiss the claim under § 1915(e), but will permit it to proceed, subject to further developments.

### 2.    ADEA

The amended complaint alleges as follows:  " . . . under the age discrimination act 1967 they asked me what year I was born on the online application on snag a job which they use all the time I did answer 18 years of age . . . ."  There is no other allegation concerning age or age discrimination in the complaint.  (In his charge of discrimination filed with the MCAD, he indicated that he was 62.)  The amended complaint thus does not even meet the bare minimum allegation necessary for an age discrimination claim, and therefore fails to state a claim upon which relief can be granted.

### 3.    Equal Pay Act

The Equal Pay Act prohibits sex-based wage discrimination between men and women who work in the same establishment and who have substantially equal skill, effort, and responsibility under similar working conditions.  The amended complaint makes no factual assertions whatsoever that he was discriminated against on the basis of sex, with respect to compensation.  He simply alleges that with his training and experience, he should earn $12.00 per hour (rather than the $10.00 starting salary for dishwashers).  In essence, plaintiff he contests the compensation rate established by Bertucci's for dishwashing work, but he does not assert that there is a disparity in pay rate between male than female dishwashers.[3]

---

[3] The First Circuit has held that in order to prevail on an Equal Pay Act claim, "the plaintiff must first establish a prima facie case by showing that the employer paid different wages to specific employees of different sexes for jobs

Accordingly, the Court will dismiss the Equal Pay Act claim.

**4.     Title VII**

Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin.  The statute also makes it unlawful to retaliate against a person because the person complaint about discrimination.  In this case, however, plaintiff's allegations are based on age and disability, and not race, color, religion, sex, or national origin.  The amended complaint asserts that Bertucci's hired someone "oversees" [sic] instead of him, and that Bertucci's hired persons of "other nationalities" to "do the jobs Americans don't want."  This general, unsupported allegation, standing alone, is insufficient to state a plausible claim for national-origin discrimination.[4]

In summary, the Court will permit this action to proceed only with the ADA claims against Bertucci's Italian Restaurant.[5]  After service is effected, defendant may file a motion for a more definite statement or some other motion if appropriate.  The Clerk shall issue a summons, and, because plaintiff is proceeding *in forma pauperis*, the United States Marshal Service shall effect service, as set forth below.

---

performed under similar working conditions and requiring equal skill, effort and responsibility. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974)." *Ingram v. Brink's Inc.*, 414 F.3d 222 (1st Cir. 2005).  Here, the amended complaint fails to set forth any allegations that Bertucci's paid different wages to certain female employees for similar jobs with similar skills to that of plaintiff.

[4] Notably, in his EEOC complaint, plaintiff alleged that the Manager in Framingham told him that Bertucci's had given the position to another person who currently was out of the country.  Bertucci's denied the allegations, stating that the Manager had informed plaintiff over the phone after the interview that the restaurant expected to hire a former employee who was the brother of a current employee, but later decided not to hire him upon discovering he left the company for performance reasons.  Bertucci's contended it had not hired anyone for the position since then.  *See* Bertucci's Position Statement (Docket No. 4-1 at  7).

[5] This Court's findings on a preliminary screening do not constitute any determination on the merits of the claims.

### H.    <u>Failure to State a Plausible Claim Against Manager Christina Mcswain</u>

In his amended complaint, plaintiff's primary allegations are centered around a claim against a Bertucci's manager, Christina McSwain, for alleged bribery.  Specifically, he alleges that McSwain offered him a free meal after his job interview.  He claims he did not ask for the free meal, as he had his own money to pay for the meal.  As a result, he "consider[ed] this a bribe under Massachusetts General Laws Chapter 268A [the Massachusetts bribery statute providing for penalties for corruption to influence official acts] as Town Meeting Member Precinct B I did inform The Board of Selectman and The Town Clerk of Wellesley Massachusetts afterwards I don't take bribes from anyone . . . ."  Am. Compl. (Docket No. 19 at 3, ¶ 3) (brackets added).[6]

Plaintiff's allegations do not state coherent and plausible claims against McSwain for bribery, as required by Rules 12 and 8.  He has not alleged any facts by which a reasonable inference of bribery could be inferred, even under a broad reading of the amended complaint.  As pleaded, the complaint only states that plaintiff believed her actions to be a bribe by virtue of his position as a Town Meeting Member.  He fails, however, to set forth any basis that the manager's actions in providing a free mail after his interview were intended to influence or attempt to influence him to perform an official act in violation of his lawful duty as a Town Meeting Member.[7]   Moreover, Mass. Gen. Laws ch. 268A provides for criminal penalties for violations, not private civil remedies.[8]

---

[6] In its position statement before the EEOC, Bertucci's took a factually contrary position, contending that after the interview, plaintiff remained in the restaurant and moved toward the bar.  He sat at the bar and asked an employee if he could stay for lunch, and then, untruthfully, told the bartender that he worked there.  *See* Bertucci's Position Statement (Docket No. 4-1 at 4).

[7] The Court assumes, for these purposes, that plaintiff was in fact a Town Meeting Member at the relevant time.

[8] The statute contains several provisions authorizing the State Ethics Commission to conduct investigations, assess civil penalties, and bring a civil action to recover damages in certain situations.

In short, the amended complaint consists of mere allegations and legal conclusions, but fails to set forth underlying factual circumstances sufficient to state a plausible claim against McSwain for bribery.  *See Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (in determining whether a complaint states a claim for relief, a court is not "bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).  Under the circumstances, it would be unfair to McSwain to have to respond to the allegation of bribery.

In his initial complaint, plaintiff asserted a claim of defamation against McSwain, contending that she made false allegations of harassment by him.[9]  In the amended complaint, he changed the defamation claim to a claim for retaliation.  He makes a vague reference in the amended complaint that McSwain retaliated against him by claiming that he had harassed her after he had objected to the filing of a second application form.  He states: ". . . I also charge Christina Mcswain with retaliation falsely accused me of harassment on the phone because I told her I did not have to do a second job application even though I did both job applications one job application the Framingham bertucci,s corp allowed me to do my address don the manager said he needed a hard copy how come he did not do a copy of the online application?"  Am. Compl. (Docket No. 19 at 2, ¶ 2).  These allegations do not set forth any factual basis and legal cause of action for a retaliation claim.

Even if this Court were to presume, however, that plaintiff was asserting a retaliation claim under the ADA or Title VII, his claims against McSwain in her personal capacity must be dismissed because there is no individual liability under either of those statutes.  *See*

---

[9] Apparently, Bertucci's took the position that plaintiff harassed its manager as to when he could start his job as a dishwasher, despite the fact that the manager told him there were no dishwasher openings.  *See* Bertucci's Position Statement (Docket No. 4-1 at 5-6).

*Roman-Oliveras v. Puerto Rico Elec. Power Authority*, 655 F.3d 43, 52 (1st Cir. 2011) (resolving an issue of first impression by noting agreement "with the virtually universal view that Title I of the ADA, like Title VII of the Civil Rights Act, 'addresses the conduct of employers only and does not impose liability on co-workers.'"), *quoting Fantini v. Salem State College*, 557 F.3d 22, 31 (1st Cir. 2009). This is because the statutes apply only to an "employer." *See* 42 U.S.C. § 12111(5)(A) (ADA); 42 U.S.C. § 2000e(b) (Title VII); *Roman-Oliveras*, 655 F.3d at 51. The complaint fails to allege any basis for deeming McSwain to be her employer or an agent of the employer for ADA and Title VII purposes.

The same limitation on liability is true with respect to claims brought under the ADEA. *See Miranda v. Deloitte LLP*, 2013 WL 485880, *5 (D. P.R. Feb. 8, 2013) (stating that "[a]lthough the First Circuit Court of Appeals has not squarely addressed the issue of individual liability under the ADEA, the courts of this district have repeatedly held that that [sic] liability does not exist") *citing Fantini*, 557 F.3d at 28–32 (finding no individual liability under Title VII and noting the similarity between relevant statutory language of Title VII and the ADEA).[10] *See Rivera-Tirado v. Autoridad de Energia Electrica*, 663 F. Supp. 2d 36, 40 (D. P.R. 2009). *See also Ferraro v. New York City Dept. of Educ.*, 2010 WL 3912466, *1 (S.D.N.Y. 2010) (dismissing discrimination and retaliation claims under the ADEA on the grounds that there is no individual liability under the ADEA).

Furthermore, the complaint fails to set forth factual allegations from which a plausible

---

[10] The First Circuit has carved out a narrow exception from the general rule against individual liability under the ADEA. *See Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 34 (1st Cir. 2007) (finding personal liability of president of the corporation, with ultimate control over other employees and the business's day-to-day operations, was the "corporate officer principally in charge of directing employment practices, such as hiring and firing employees, requiring employees to attend meetings unpaid, and setting employees' wages and schedules," and was instrumental in causing the corporation to violate federal law). The First Circuit has interpreted this exception narrowly, stating that "not every corporate employee who exercises supervisory control should be held personally liable." *Id.* (internal quotation and citations omitted). *See Miranda*, 2013 WL 485880 at *5. Here, plaintiff fails to set forth any allegations from which it could reasonably be inferred that McSwain's status falls under this narrow exception.

claim of retaliation reasonably could be inferred, because there is no factual link between McSwain's allegations of harassment and any adverse employment decision (such as the failure to hire plaintiff). Indeed, from the chronology, it appears that the decision not to hire plaintiff occurred *before* any alleged harassment of the plaintiff. In any event, the complaint does not set forth a retaliation claim in accordance with Rule 8. Again, under these facts and circumstances, it would be unfair to permit this action to proceed against McSwain as pleaded and to require her to file a meaningful response.

In the memorandum and order, this Court advised plaintiff that he would not be given multiple opportunities to amend his complaint , but was required to comply with Rule 8 in the amended complaint. He has failed to do so here.[11]

Accordingly, in light of all of the above, plaintiff's claims against McSwain will be dismissed.

I.     **Warning to Plaintiff about the Imposition of Sanctions for Non-Compliance with Court Orders**

Plaintiff previously was warned that he may not file any further requests for relief until after an amended complaint was filed and until after defendants had filed a responsive pleading. In light of this memorandum and order  with respect to the amended complaint , this Court reiterates that the prohibition on filing motions and requests for relief remains in effect.

To be clear, plaintiff is prohibited from filing any further requests for relief (including requests to access bank funds, requests for appointment of counsel, requests for recusal, requests to exclude evidence, requests for settlement, requests for summary judgment, requests for

---

[11] The Court also permitted plaintiff additional time to file his amended complaint, until June 7, 2013. Instead, plaintiff chose to file his amended complaint on April 19, 2013, thereby foregoing the use of additional time to reflect and modify his claims so as to comport with Rule 8.

monetary damages, requests for orders prohibiting others from talking about this case, and other requests of this ilk), until *after* Bertucci's Italian Restaurant has filed a responsive pleading.[12]

     Any failure of plaintiff to comply with the Court's directives may result in the imposition of sanctions.  Particularly, he is warned that contumacious filings may result in a dismissal of this action as a sanction.  Although the Court is mindful that plaintiff claims to be disabled and may suffer from a brain injury, this Court cannot permit plaintiff to continue to waste the resources of this Court in addressing unfounded, premature, and duplicative requests for relief.

## III.   Conclusion

     Based on the foregoing, it is hereby Ordered that:

1.     Plaintiff's letter request for a court order (Docket No. 14) is DENIED.

2.     Plaintiff's Motion for Appointment of Counsel (Docket No. 18) is DENIED.

3.     Plaintiff's Motion for Appointment of Counsel (Docket No. 25) is DENIED.

4.     Plaintiff's Request for an Order Prohibiting Family from Talking About This Case (Docket No. 22) is DENIED.

5.     Plaintiff's Motion to "Throw Out" the Position Statement of Bertucci's Corp. that was given to the EEOC (Docket No. 23) is DENIED.

6.     Plaintiff's Motion for Recusal (Docket No. 24) is DENIED.

7.     All claims against Christina McSwain are DISMISSED.

8.     Plaintiff's claims under the ADEA, Equal Pay Act, and Title VII are DISMISSED.

9.     The Court will permit only the ADA claim against Bertucci's Italian Restaurant to proceed.

---

[12] This prohibition does not apply in the event plaintiff retains counsel to represent him, and the motion for relief is filed through duly-licensed counsel who files a notice of appearance in this Court.

10.     The clerk shall issue a summons only as to Bertucci's Italian Restaurant.

11.     The Clerk shall send the summons, a copy of the amended complaint , and this memorandum and order  to plaintiff, who must thereafter serve defendant in accordance with Federal Rule of Civil Procedure 4(m).  Plaintiff may elect to have service made by the United States Marshal Service.  If directed by plaintiff to do so, the United States Marshal Service shall serve the summons, amended complaint, and this memorandum and order upon defendant, in the manner directed by plaintiff, with all costs of service to be advanced by the United States Marshal Service.

12.     Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, plaintiff shall have 120 days from the date of this order to complete service.

**So Ordered.**


                                                        /s/ F. Dennis Saylor
                                                        F. Dennis Saylor IV
Dated:  May 13, 2013                                    United States District Judge