**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                        )
**ROBERT S. EDWARDS,**                     )
                                                        )
      **Plaintiff,**                              )
                                                        )        **Civil Action No.**
          **v.**                                  )        **13-10604-FDS**
                                                        )
**BERTUCCI'S ITALIAN RESTAURANT,**     )
                                                        )
      **Defendant.**                             )
_____)

## MEMORANDUM AND ORDER

**SAYLOR, J.**

**I.**     **Introduction**

On March 13, 2013, plaintiff Robert S. Edwards filed this employment discrimination

action against Bertucci's Italian Restaurant for its alleged failure to hire him as a dishwasher due

to his age and disability.  On April 8, 2013, this Court issued a Memorandum and Order (Docket

No. 12) denying Edwards's request for appointment of counsel and for other relief, and directing

him to file an amended complaint by June 7, 2013.  In addition, the Court prohibited Edwards

from filing any further letters or motions until after the amended complaint was filed.  He was

also prohibited from filing requests for relief in the form of a letter, and was advised that any

requests for relief must be filed in the form of a motion stating precisely what relief was sought

and the basis for such relief.

On May 13, 2013, this Court issued a further Memorandum and Order (Docket No. 27)

again denying Edwards's request for appointed counsel and his requests for other relief.  The

Court dismissed all claims against defendant Christina McSwain, as well as his claims under the ADEA, the Equal Pay Act, and Title VII; however, this Court permitted this action to proceed against Bertucci's as the sole defendant, and only with respect to the ADA claim.  The standard service package was then provided to Edwards for effecting service of process.

Thereafter, Bertucci's filed a Motion to Dismiss for Insufficient Process and Insufficient Service of Process under Rules 12(b)(4) and 12(b)(5) (Docket No. 32).   In response, Edwards continuously has filed a barrage of letters and motions seeking immediate relief in one form or another.  Most of the letters are not entirely legible due to his handwriting style.  Bertucci's has requested, among other things, that those filings be struck from the record.

## II.   <u>Discussion</u>

### A.   <u>The Motion for Damages, the Proposed Amended Complaint, and Request for Summary Judgment</u>

Edwards's Motion for Damages (Docket No. 31) (which incorporates a proposed amended complaint and also requests summary judgment for damages against Bertucci's), is DENIED.  He already has been afforded one opportunity to amend his complaint, and did so.[1] Edwards may not further amend his amended complaint absent specific permission from the Court.  Furthermore, the Court finds that allowing Edwards to file his proposed Second Amended Complaint (as contained in Docket No. 31) would be futile because it fails to add anything substantively new to the mix.  From what can be discerned, Edwards simply reiterates the allegations of discrimination that he has made a number of times in his prior filings.  Moreover, the proposed Second Amended Complaint is not organized and does not comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Finally, his claim

---

[1] Prior to service of the summons and amended complaint, and before any responsive pleading had been filed, Edwards filed a "Motion for Damages."

for damages is premature and has been denied by this Court on prior occasions.

**B.**   **Letters and Motions for Damages and Requests For Other Relief**

Similarly, Edwards's letters and motions for damages, and his various requests for other relief, as contained in Docket Nos. 39, 40, 43, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58, are DENIED in their entirety as wholly unfounded, irrational, abusive, duplicative, premature, and/or violative of this Court's prior Order.[2]

To the extent that Edwards's Opposition to Bertucci's Motion to Dismiss (Docket No. 38) contains a request for relief in the form of reasonable accommodation for his disability and $30-$40 million in damages, that motion is DENIED as unfounded.  Similarly, his motion (Docket No. 36) seeking a privacy agreement between himself and Bertucci's is DENIED as unfounded.  Finally, his Motion requesting that Bertucci's be investigated for its hiring practices (Docket No. 41) is DENIED as unfounded.

**C.**   **Defendant's Motion to Strike**

While the Court is denying all requests for relief by Edwards, it will not strike his motions or letters, and therefore defendant's motion to strike (Docket No. 45) is DENIED as unnecessary.  To clarify, however, this Court considers the operative pleading to be the Amended Complaint (Docket No. 19) as limited by the Memorandum and Order (Docket No.

---

[2]In his Motion for Damages (Docket No. 39), he seeks in excess of $50 million in damages and again requests summary judgment.  In his Motion for Damages  (Docket No. 40), he seeks $35 million.  In his Motion for Summary Judgment (Docket No. 43), he seeks between $40 and $50 million in damages and summary judgment against Bertucci's. He also seeks an out-of-court settlement. In his letter (Docket No. 48), he seeks a Court Order for damages in the amount of $40 to $50 million.  In his letter (Docket No. 49), he seeks $40 to $50 million in damages.  In his letter (Docket No. 50) he seeks $60 to $80 million in damages.  He also seeks to have Attorney Christopher Vrountas, Bertucci's defense counsel, be charged with contempt of court.  In his letter (Docket No. 51) , he complains of financial hardship, complains about Attorney Vrountas, and seeks summary judgment for $50 million in damages, payable by August 19, 2013.  In his letter (Docket No. 52), he again seeks $50 million in damages, along with a privacy agreement and summary judgment. His letter filed August 28, 2013 (Docket No. 55) is illegible apart from seeking damages. His letters filed on September 4, 2013, and September 9, 2013 (Docket Nos. 56, 57, and 58) are of the same ilk.

27), and *not* the proposed Second Amended Complaint (contained in Docket No. 31).

**D.      Warning to Plaintiff That Sanctions May Be Imposed for Pleading Misconduct**

In order to ensure that the Court's resources do not continue to be wasted, it is hereby ORDERED that Edwards shall not file any further motion, letter, or request for damages, accommodations, or other substantive relief until further order of this Court.  At a minimum, the Court will not permit the filing of any such motion by plaintiff until *after* a discovery and motion schedule has been set by this Court after a Rule 16(b) conference (assuming the case is permitted to proceed that far).

Edwards is hereby WARNED that this Court will not tolerate abusive pleading practices that serve only to waste the scarce judicial resources of the Court.  Failure to comply with this directive will result in a dismissal of this action as a sanction.

Furthermore, in order to ensure proper docketing and processing, Edwards is hereby WARNED that any documents filed by him must be completely legible.  If he is unable to submit legible handwritten pleadings, he must file typewritten or word-processing versions. Any document that is not legible will not be considered.

**E.      The Motion to Dismiss for Insufficient Process and Insufficient Service of Process Under Rules 12(b)(4) and 12(b)(5)**

Bertucci's argues that this Court should dismiss the complaint because Edwards has failed to serve *both* a summons and complaint as required by Rule 4(c).  Instead, Edwards has served only the summons and a purported proof of service, which Bertucci's contends is plainly false.  In its motion to dismiss, Bertucci's outlines the proper service requirements under Rule 4(h)(1)(A) and (B) of the Federal Rules of Civil Procedure with respect to service on a corporation.  *See* Motion to Dismiss (Docket No. 32 at 3).

Bertucci's further argues that Edwards improperly attempted to serve Bertucci's by himself, that he improperly used the mail for service rather than personal delivery, and that he failed to direct service to a corporate officer, general agent, managing agent, or a person who is otherwise authorized to accept service.[3]  In his opposition, Edwards simply disagrees with the arguments presented and contends that service by regular mail, and completion of the back of the summons form—sent to the two addresses listed on the EEOC Notice—was sufficient.

The service of process by Edwards is clearly deficient.  Nevertheless, although this action is subject to dismissal for insufficient service of process, because Edwards is proceeding *pro se* and clearly is unfamiliar with service procedures, this Court will afford him one final opportunity to effect service of process on Bertucci's in compliance with the Federal Rules of Civil Procedure.  Accordingly, Bertucci's Motion to Dismiss (Docket No. 32) is DENIED without prejudice to its renewal.

The Clerk shall reissue a summons with respect to Bertucci's and shall send to Edwards the reissued summons, a copy of the Amended Complaint (Docket No. 19), a copy of  the Memorandum and Order (Docket No. 27) (limiting the claims), and a copy of this Memorandum and Order.  If he wishes to proceed with this case, Edwards must serve all of these documents on Bertucci's in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Edwards must file a proof of service demonstrating proper service within 30 days of the date of this Memorandum and Order.  Failure to effect timely and proper service will result in a dismissal of this action.

---

[3]In support, Bertucci's submits the Affidavit of Scott Handren, its Director, Risk & Benefits.  *See* Affidavit (Docket No. 34).  Also attached was the purported Proof of Service made by Edwards.  Additionally, counsel for Bertucci's submitted an Affidavit stating the Edwards never personally served him with the summons and Complaint, and that he is not a director, general agent, managing agent, or a person authorized to accept service on behalf of Bertucci's.  *See* Affidavit of Christopher T. Vrountas, Esq. (Docket No. 35).

No further opportunities to serve will be granted.

Finally, as ordered in the Memorandum and Order (Docket No. 27), because Edwards is proceeding *in forma pauperis*, he may elect to have service made by the United States Marshals Service.  If he elects to do so, the United States Marshals Service shall serve the reissued summons, a copy of the Amended Complaint, a copy of the Memorandum and Order (Docket No. 27) and a copy of this Memorandum and Order upon Bertucci's in the manner directed by plaintiff, with all costs of service to be advanced by the United States Marshals Service.  This ruling does not relieve Edwards from the obligation to effect proper service and impose it on the United States Marshals Service.  Edwards must provide the United States Marshals Service will all paperwork necessary to effect proper service in a timely manner.

### III.   Conclusion

Based on the foregoing, it is hereby Ordered that:

1.   Plaintiff's Motion for Damages (Docket No. 31) is DENIED, and his proposed Amended Complaint and request for summary judgment for damages against the defendant (incorporated within the Motion for Damages), is DENIED.

2.   Plaintiff's Motions and Letters for Damages and for other relief (Docket  Nos. 38, 39, 40, 41, 43, 45,  48, 49, 50, 51, 52, 53, 56, 57, and 58) are DENIED.

3.   Defendant's Motion to Strike Plaintiff's Motions (Docket No. 45) is DENIED.

4.   Plaintiff is PROHIBITED from filing any further motions, letters, or requests seeking damages, accommodation, or other substantive relief until further order of this Court.

5.   Plaintiff is WARNED that failure to comply with this Court's directives may result in the imposition of sanctions, including the dismissal of this action with prejudice.

6.      Plaintiff is WARNED that any future filings must be legible.

7.      Defendant's Motion to Dismiss (Docket No. 32) is DENIED without prejudice to its

        renewal.

8.      The Clerk shall reissue a summons with respect to defendant Bertucci's and shall send to

        plaintiff the reissued summons, a copy of the Amended Complaint (Docket No. 19), a

        copy of the Memorandum and Order (Docket No. 27), and a copy of this Memorandum

        and Order.

9.      Plaintiff is directed to serve those documents on defendant Bertucci's in accordance with

        Rule 4 of the Federal Rules of Civil Procedure and file Proof of Service within 30 days of

        the date of this Memorandum and Order.

10.     If directed to do so by the plaintiff, the United States Marshals Service shall effect

        service of process as directed, and shall advance the costs of service.

**So Ordered.**


                                                        /s/ F. Dennis Saylor
                                                        F. Dennis Saylor IV
                                                        United States District Judge

Dated:  September 11, 2013