UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT S. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 13-10604-FDS |
| | ) | |
| BERTUCCI'S ITALIAN RESTAURANT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

Plaintiff Robert S. Edwards filed this employment discrimination action against Bertucci's Italian Restaurant for the alleged failure to hire him as a dishwasher due to his age and disability. Soon thereafter, this Court issued a Memorandum and Order (Docket No. 12) directing, among other things, that Edwards file an amended complaint. Edwards was also prohibited from filing further letters or motions until after the amended complaint was filed, and was prohibited from filing requests for relief in the form of a letter; he was advised that any requests for relief must be filed in the form of a "motion" stating precisely what relief was sought and the basis for such relief.

On May 13, 2013, this Court issued a further Memorandum and Order (Docket No. 27) denying various requests for relief, dismissing certain claims, and permitting this case to proceed only against Bertucci's. Thereafter, Edwards continued to file multiple letters and motions seeking immediate relief in one form or another.

On September 11, 2013, a further Memorandum and Order (Docket No. 59) issued

denying all requests for relief contained in Edwards's letters and motions (Docket Nos. 38, 39, 40, 41, 43, 45, 48, 49, 50, 51, 52, 53, 56, 57, and 58), and directing Edwards to effect service of process on Bertucci's in accordance with Fed. R. Civ. P. 4. Should Edwards elect to have service effected by the United States Marshals Service ("USMS"), the USMS was ordered to effect service as directed by Edwards, and advance the costs of service. Further, this Court warned Edwards about improper pleading practices. Specifically, this Court ordered that:

> Plaintiff is PROHIBITED from filing any further motions, letters, or requests seeking damages, accommodation, or other substantive relief until further order of this Court. Plaintiff is WARNED that failure to comply with this Court[']s directives may result in the imposition of sanctions, including the dismissal of this action with prejudice. Plaintiff is WARNED that any future filings must be legible.

Memorandum and Order (Docket No. 59 at 4).

Since then, Edwards has continued his practice of barraging the Court with letters and motions seeking relief.

## I.     Discussion

Many of Edwards's requests are filed in the same manner as before (that is, in the form of a letter); however, in this round of letters, he included the word "Motion" at the top of the document, without indicating the specific relief sought. Further, all of his handwritten letters are difficult to read or illegible, in violation of this Court's directives.

### A.     Letter/Motion (Docket No. 61)

In his typed letter (Docket No. 61) directed to the Court Clerk and entitled "Court Order and Complaint Against Milford Federal Savings," Edwards seeks an order requiring the Milford Federal Savings Bank to release funds to him from his money market and savings account allegedly in his name.

To the extent Edwards seeks to file a new civil action by this document, he may not do so by filing his pleading in this action. Rather, Edwards must file a complaint in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, along with a civil cover sheet and local category sheet, and pay the filing fee for a new action or file an application to proceed without prepayment of fees and affidavit of his finances demonstrating that he lacks funds to pay the $400 filing fee.

Alternatively, to the extent this document was intended as a request by Edwards to amended his amended complaint to add Milford Federal Savings Bank as a party to this action, the request will be denied. He previously filed an amended complaint (Docket No. 19) and therefore is not entitled to amend as of right. Furthermore, this Court previously denied Edward's request for release of bank funds by the Milford Federal Savings Bank, finding there was no basis to grant the relief sought in this action with respect to any trust fund disputes, as this was not related to the employment discrimination action. *See* Memorandum and Order (Docket No. 12 at 5, ¶ 5).

### B.     Letter/Motion (Docket No. 62)

In his typed letter/motion (Docket No. 62) entitled "Court Order and Motion" directed to the Court Clerk, Edwards requests that both attorney Neil Connolly and Ralph Edwards be enjoined from talking about this lawsuit or interfering with this case or with any lawyer he hires. He claims to be his own legal guardian, and that he has petitioned to change his legal name to "Robert S. Cavanaugh" and intends to move to Florida next year. He also moves to have this Court approve damages as he previously had requested.

This letter/motion is both premature and unsupported. Accordingly, any requests

contained therein will be denied.

### C. The Letter/Motion (Docket No. 63)

In his typed letter/motion (Docket No. 63) entitled "Motion for Final Summary Judgment and Damages," Edwards seeks a judgment for more than $90 million.  Again, this request for relief is premature and unsupported.  Accordingly, any requests contained therein will be denied.

### D. The Letter/Motion (Docket No. 66)

In his letter/motion (Docket No. 63), Edwards seeks $50 million in damages.   His requested relief also is premature and unsupported.  Accordingly, any requests contained therein will be denied.

### E. The Letter/Motion (Docket No. 67)

In his letter/motion (Docket No. 67), Edwards requests that the USMS serve process on Bertucci's.  This request appears to be moot in view of the Process Receipt and Return filed with the Court by the USMS (Docket No. 71) on October 23, 2013.  That document indicates that service was made on Scott D. Handren, Director of Bertucci's.  Should the issue of proper service of process be raised by Bertucci's, Edwards may renew his request for service by the USMS and may seek the re-issuance of a summons; however, he still ultimately remains obligated to effect proper service notwithstanding that the USMS conducts service and advances the costs.

### F. The Letter/Motion (Docket No. 68)

In his somewhat illegible letter/motion (Docket No. 68), Edwards requests a warrant for execution on Bertucci's. His requested relief is premature and unsupported.  Accordingly, any requests contained therein will be denied.

### G. The Letter/Motion (Docket No. 70)

In his somewhat illegible letter/motion (Docket No. 70), Edwards requests the USMS serve Bertucci's and that he be awarded a final judgment for maximum damages of $90 million. As noted above, the service issue appears to be moot at this time. With respect to his request for a final judgment for damages, his requested relief is premature and unsupported. Accordingly, any requests contained in his letter/motion will be denied.

### H. Further Warning That Sanctions Will Be Imposed

Edwards continues to ignore the directives of this Court with respect to his repeated requests for relief before Bertucci's has been served and appeared in this action. Accordingly, Edwards is again WARNED that he will be subject to sanctions, including the sanction of dismissal with prejudice, should he continue to file letters or motions in this Court seeking relief that previously has been requested and denied. This includes, but is not limited to, any request for an award of damages against Bertucci's, any request for the release of funds from the Milford Federal Savings Bank, and any request for an order enjoining others from discussing this lawsuit.

In order to ensure that judicial resources are not further wasted, Edwards is PROHIBITED from filing any further letters or motions seeking relief previously sought, *until Bertucci's has filed a responsive pleading to the amended complaint*. Again, failure to comply with this directive will result in the dismissal of this action with prejudice.

## II. Conclusion

Based on the foregoing, it is hereby Ordered that:

1. All requests for relief contained in plaintiff's letters/motions (Docket Nos. 61, 62, 63, 66, 67, 68, and 70) are DENIED.

2. Plaintiff is again WARNED that he may be subject to sanctions, and he is

PROHIBITED from filing any further letters or motions seeking relief that previously was sought, until Bertucci's has filed a responsive pleading to the amended complaint.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  October 31, 2013                          United States District Judge